

August 22, 2017

**SENT VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**Ace American Insurance Company**
**Kevin Rampe**
P O Box 1000
Philadelphia PA 19105-1000

        Re:     **Disclosure of Federally Required Information by Primary Payer**

**To: Kevin Rampe**

     MSP Recovery, LLC ("MSP"), as assignee of Medicare claims from various Medicare Advantage Organizations ("MAOs"), Maintenance Service Organizations ("MSOs") and Independent Physicians Associations ("IPAs"), has been designated by said health care organizations as their servicing agent in accordance with 42 C.F.R. § 411.25.[1] Pursuant to its assignments and/or servicing agreements, MSP is authorized to recover reimbursement of Medicare and/or Medicaid related medical benefits and payments made by MAOs, MSOs and IPAs that should have been paid, in the first instance, by primary payers, in accordance with 42 U.S.C. § 1395y, *et seq.* and 42 C.F.R. § 411.1, *et seq.* Primary payers include, but are not limited to, "workers' compensation, any liability or no-fault insurance, or an employer group health plan."[2]

     Accordingly, we are placing you on notice that to the extent a Medicare beneficiary is insured by Ace American Insurance Company or settles with a Ace American Insurance Company insured under an insurance policy issued by Ace American Insurance Company, it may have reimbursement obligations pursuant to the Medicare Secondary Payer Act.  Our research indicates that Ace American Insurance Company has failed to comply with the requirements in 42 C.F.R. § 411.25.

     Pursuant to 42 C.F.R. § 422.108(f), MSP's Assignors exercise the same rights as would Medicare. MSP hereby asserts its rights to seek reimbursement as a contractually authorized Medicare assignee in all instances where your company, as a primary payer, failed to provide payment or appropriate reimbursement, and as a result of said failure, an MAO provided benefits to a Medicare beneficiary to the MAO's detriment.[3]

---

[1] *See MSP Recovery LLC v. Allstate Ins. Co.*, 835 F.3d 1351 (11th Cir. 2016).
[2] 42 C.F.R. § 411.24(b); *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1233 n. 1 (11th Cir. 2016) (stating a primary plan includes automobile or other liability insurance policy or plan).
[3] *See Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239 (11th Cir. 2016) (holding that a "plaintiff is entitled to summary judgment on a § 1395y(b)(3)(A) claim when there is no genuine issue of material fact regarding (1) the defendant's status as a primary plan;

As a primary payer, Ace American Insurance Company has a duty to pay or properly reimburse the Medicare Secondary payer. This duty is a continuing duty and requires Ace American Insurance Company to identify, report and otherwise make the appropriate reimbursement. MSP has asserted liens for all benefits paid and/or to be paid as it pertains to all enrollees. This lien is asserted for payments made for medical services and/or supplies by any and all assignors of MSP.

Once a Medicare claim has been filed by or on behalf of a Medicare eligible insured, any entity that possesses information pertinent to the Medicare claim has a legal duty to provide that information to the Centers for Medicare and Medicaid Services ("CMS") [4] Recovery may be initiated as soon as an MAO learns that a payment has been made or could be made under any liability or no-fault insurance, employer group health plan, or workers' compensation plan.[5] CMS may recover from an applicable plan even when the plan has reimbursed the Medicare eligible insured.[6]

Primary plans, like Ace American Insurance Company, and any entity that receives primary payment are required to provide notice to MAOs of situations where the MAO paid, the primary payer failed to pay and/or the primary payer has failed to reimburse the Medicare Secondary Payer.[7] The MSP Act provides that "responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver or release…of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means."[8] A contractual obligation serves as sufficient demonstration of responsibility for payment to satisfy the MSP Act.[9]

Ace American Insurance Company may be the primary plan where a secondary payer made payments on behalf of a Medicare eligible insured. In a good faith effort to determine whether your company has properly discharged its obligation and to determine if primary payment was properly made, we ask that you please provide us with certain information and documents outlined below. The documentation MSP seeks herein is consistent with the aforementioned federal law, federal code and CMS requirements.[10] In order to comply with the Health Insurance

---

(2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount.").

[4] 42 C.F.R. § 411.24(a) (Attached hereto as Exhibit "A"); *see also*, 42 C.F.R. § 422.108(f) (MAOs and CMS exercise the same recovery rights from a primary plan).
[5] 42 C.F.R. § 411.24(b).
[6] *See* Issues Subject to Appeal/Not Subject To Appeal, 80 Fed. Reg. 39, 10612-13 (Feb. 27, 2015).
[7] 42 C.F.R. § 411.25(a) (Attached hereto as Exhibit "B"); Medicare Program; Medicare Secondary Payment, 59 Fed. Reg. 20 (Jan. 31, 1994); https://www.gpo.gov/fdsys/pkg/FR-1994-01-31/html/94-1978.htm. *See also*, 42 C.F.R. § 422.108(f) (MAOs and CMS exercise the same recovery rights from a primary plan).
[8] 42 U.S.C. § 1395y(b)(2)(B)(ii).
[9] *See MSP Recovery*, 835 F.3d at 1362-3 (11th Cir. 2016).
[10] *See* 42 U.S.C. § 1395y, *et seq.* and 42 C.F.R. § 411.1, *et seq.*

Portability and Accountability Act ("HIPAA"), we have established a secure site and ask that you please upload copies of the documents containing the requested information to www.msprecovery.com/disclosure and enter the following ^n?Z5TdhJ5D% within ten days of your receipt of this letter this website will also contain a list of instances that MSP is determining whether Ace American Insurance Company is required to reimburse medical expenses.[11]

We ask that you provide:

1. any and all amounts and instances wherein Ace American Insurance Company has paid for medical services and/or supplies for Medicare beneficiaries within the past six (6) years;

2. a list of every instance wherein your Medicare eligible insureds were involved in: automobile accidents, slip and falls, workman's compensation, or other similar personal injury claims. Specifically: produce any and all documentation related to each and every instance wherein your entity is, or may be, a primary payer for each Medicare eligible insured[12] commencing six (6) years prior to the date of this letter.

3. Provide the information as outlined in the attached Exhibit in accordance with 42 C.F.R. § 411.25.[13]

If you have any additional questions or concerns regarding this request, please do not hesitate to contact the undersigned via email at serve@msprecovery.com

Respectfully,

Jorge Lopez

Corporate Representative

---

[11] The information available in the portal neither contains Protected Health Information ("PHI") or confidential information and is readily available to the public. It has only been customized to provide information specifically related to your company.

[12] 42 C.F.R. § 411.25; Medicare Program; Medicare Secondary Payment, 59 Fed. Reg. 20 (Jan. 31, 1994); https://www.gpo.gov/fdsys/pkg/FR-1994-01-31/html/94-1978.htm

[13] Exhibit C.

# EXHIBIT "A"

# 42 CFR § 411.24 – Recovery of conditional payments.

If a Medicare conditional payment is made, the following rules apply:

**(a) *Release of information.*** The filing of a Medicare claim by on or behalf of the beneficiary constitutes an express authorization for any entity, including State Medicaid and workers' compensation agencies, and data depositories, that possesses information pertinent to the Medicare claim to release that information to CMS. This information will be used only for Medicare claims processing and for coordination of benefits purposes.

**(b) *Right to initiate recovery.*** CMS may initiate recovery as soon as it learns that payment has been made or could be made under workers' compensation, any liability or no-fault insurance, or an employer group health plan.

# EXHIBIT "B"

# 42 CFR § 411.25 - Primary payer's notice of primary payment responsibility.

**(a)** If it is demonstrated to a primary payer that CMS has made a Medicare primary payment for services for which the primary payer has made or should have made primary payment, it must provide notice about primary payment responsibility and information about the underlying MSP situation to the entity or entities designated by CMS to receive and process that information.

**(b)** The notice must describe the specific situation and the circumstances (including the particular type of insurance coverage as specified in § 411.20(a)) and, if appropriate, the time period during which the insurer is primary to Medicare.

**(c)** The primary payer must provide additional information to the designated entity or entities as the designated entity or entities may require this information to update CMS' system of records.

[54 FR 41734, Oct. 11, 1989; as amended at 55 FR 1820, Jan. 19, 1990; 73 FR 9684, Feb. 22, 2008]

## Exhibit C

## INFORMATION REQUESTED PURSUANT TO 42 CFR 411.25

1. Each said Medicare eligible insured's:
   a. Health Insurance Claim Number ("HIC; HICN; Medicare ID Number).
   b. Social Security Number.
   c. Surname.
   d. First Initial.
   e. Date of Birth.
   f. Sex Code.
   g. Date of accident, injury, or illness.
   h. Provider of service including but not limited to any hospital, chiropractor, out-patient facility, urgent care, primary care physician, specialist, pharmacy, dentist etc.
2. Any and all documents in your possession evidencing payments made by Medicare or MAOs on behalf of any Medicare eligible insureds. Include date of any such payment.
3. Date of service that constitute all or part of Medicare eligible insureds' claim.
4. Document Control Number (Assigned by Insurer).
5. Coverage Type (Type of insurance coverage).
6. Policy effective date (Effective date of current coverage).
7. Policy termination date (Termination date of current coverage).
8. Medicare eligible insureds' Relationship Code (Relationship to Policy Holder).
9. Each Policy Holder's
   a. First Name.
   b. Last Name.
   c. Social Security Number.
   d. Address.
10. Employment information including but not limited to employer name, address, telephone number and number of employees.
11. Employee Coverage Election (Who the Policy Covers)
12. Name and address of insurer or administrator.
13. Policy identification number or other identifier.

14. Individual case identifiers used by third party payer.

15. Name and phone number of insurer or administrator contact person.

16. Workers' compensation agency claim number.

17. Court case or docket numbers related to Medicare eligible insured.

18. Medicare eligible insured's attorney's name, address and phone number.

19. Any and all documents in your possession evidencing payments made by you on behalf of Medicare eligible insureds. Include date and amount of any such payment (specify whether undisputed payment, settlement of disputed claim, or judgment).

20. Identify nature of any and all payments made by you i.e. primary or secondary payment.

21. Identify the name and address of any and all individuals, companies, third parties to whom which payment was made on behalf of Medicare eligible insureds.

22. PIP payout sheets/PIP logs and/or Explanation of Benefits in your possession, custody or control related to all Medicare eligible insureds that have received as a result of any services provided.

23. Any and all mandatory data submissions or claim input files to the CMS Benefits Coordination & Recovery Center ("BCRC") pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA").



Valerie B. Greenberg

Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Tel: 305.374.5600
Fax: 305.374.5095

September 19, 2017

**Certified Mail - Return Receipt Requested
and Electronic Mail to: serve@msprecovery.com**

Jorge Lopez
Corporate Representative
MSP Recovery
5000 SW 75th Avenue, Suite 500
Miami, FL 33155

Dear Mr. Lopez:

I am responding on behalf of Ace American Insurance Company to your letter of August 22, 2017 from MSP Recovery, LLC.

Your letter requests certain information and documents but does not provide sufficient information for Ace American Insurance Company to evaluate your request and/or prepare a response. For example, your letter does not reference any specific claimant(s), insured(s), date(s) of loss, claim or policy number(s), assignor(s), bill(s); it does not reference any specific Medicare conditional payment or the filing of any specific Medicare claim, as discussed on your Exhibit A; nor does it demonstrate any specific Medicare payment, as provided for on Exhibit B; etc.

Additionally, your letter seeks confidential health and personal information of third parties. It is not clear that you have clearance from any of these third parties in connection with the requested disclosure(s). It is also unclear how such confidential information would be protected.

Accordingly, Ace American Insurance Company is not able to provide information or documents based on your letter at this time.

Respectfully,

Valerie Greenberg

akerman.com

42879620;1



October 6, 2017

**<u>SENT VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**

Valerie Greenberg, Esq.
Akerman, LLP Three Brickell City Centre,
98 Southeast 7th Street,
Suite 100,
Miami, FL 33131

Re:   Ace American Insurance Company
      **Disclosure of Federally Required Information by Primary Payer**

Dear Ms. Greenberg,

    We received your letter dated September 19th, 2017 in response to our request for information required by federal law to be maintained by primary payers. Pursuant to 42 C.F.R. § 411.25(a), insurance carriers that provide liability, no-fault and workers compensation coverage are, by definition, primary payers and are required to maintain certain information about their insureds who are Medicare beneficiaries. It is important to note that this obligation to maintain said information is an ongoing legal responsibility of all primary payers. The law requires that workers compensation plans and insurers (including employers in the case of self-insured and/or self-administered plans), liability insurers (including automobile liability insurers), and no-fault insurers (including automobile no-fault insurers) provide the following information to a Medicare Advantage Organization that pays claims for which said primary payers may have primary payment responsibility:

    -Medicare Beneficiary Information;

    -Beneficiary name, address, sex, and date of birth;

    -Beneficiary health insurance claim number (i.e., Medicare beneficiary identification number or "HIC number");

    -Social security number (if known);

    -Medicare Claim Information;

    -Date of accident, injury, or illness;

    -Provider of service;

    -Amount of Medicare payment (if known);

    -Date of service;

-Date of Medicare payment (if known);

-Insurer, Employer, or Administrator Information;

-Policyholder name and address;

-Name and address of insurer or administrator;

-Policy identification number or other identifier;

-Individual case identifiers used by third party payer (if applicable);

-Name and telephone number of insurer or administrator contact person;

-Workers' compensation agency claim number (if applicable);

-Court case or docket numbers of relevant pending litigation (if applicable);

-Beneficiary's attorney's name, address and telephone number (if known and applicable);

-Name, address, and telephone number of beneficiary's employer;

-Date and amount of payment (specify whether undisputed payment, settlement of disputed claim, or judgment);

-Whether, under the plan or insurance, payment was considered to be a primary or a secondary payment; and

-Payee name and address. Federal Register at Medicare Program; Medicare Secondary Payment, 59 Fed. Reg. 20 (Jan. 31, 1994, p. 4285-4288).

Our request is not limited to any one particular claim and, as stated above, the obligation to maintain the requested information and to share same with secondary payers is a continuing and ongoing legal duty imposed by federal law. Providing the aforementioned information will assist in ensuring that Medicare and a Medicare Advantage Organization is reimbursed for any secondary payments for which there was primary responsibility or coverage from a Primary Payer, in accordance with federal law. Failure to maintain the required information and to share it with Medicare or a designated servicing agent pursuant to 42 C.F.R. § 411.25 constitutes a violation of law. As stated in our previous letter, MSP's assignors are vested with the same rights as Medicare in seeking reimbursement. As such, MSP is entitled to the requested information for the persons for whom your client had primary responsibility for medical care and treatment.

Any information provided to MSP will be used only for the purpose of Medicare claims processing and for coordination of benefits. As stated in our previous letter, in order to comply with HIPAA and to protect the confidentiality and security of Protected Health Information, all information requested must be provided via a secure file transfer protocol. MSP has an ongoing commitment to create and maintain a secure operating environment for all confidential data. MSP has successfully completed a System Organization Controls (SOC) 2® Type I Audit examination for our Secondary Payer Recovery Services System. We have also retained international business advisory firm Skoda Minotti for our SOC 2® audit work. Our successful completion of our SOC

2® Type I examination demonstrates that we have the necessary systems and safeguards in place to protect and secure sensitive data in accordance with industry standards and best practices.

Should we not be provided with the required information within twenty days, we will proceed with legal action that has already been filed. We appreciate your prompt response and attention to this matter.

Respectfully,

Jorge Lopez

Corporate Representative