**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:17-CIV-23749-SEITZ/REID

MSP RECOVERY CLAIMS, SERIES LLC,

     Plaintiff,

vs.

ACE AMERICAN INSUANCE COMPANY,

     Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER
AND DIRECTING PLAINTIFF TO FILE AMDENDED COMPLAINT
FOLLOWING REMAND**

THIS MATTER is before the Court upon Plaintiff's Motion to Vacate the Court's August 3rd Order Pursuant to Mandate [DE 76]. Plaintiff contends that it should not be required to amend its complaint following the Eleventh Circuit's remand to this Court and that Defendants should be required to answer the Complaint as it stands. For the following reasons, Plaintiff's Motion is denied.

Plaintiff's thirty-five (35) page Third Amended Class Action Complaint for Damages ("TAC") identifies three Class Representative Claims Relating to a Medicare Part C Beneficiary, [DE 36 at 5-7].  The TAC also asserts that MMM Holdings, LLC, ("MMM") assigned Plaintiff MMM's rights related to certain payments and claims [DE 36 at 13].  However, in its Notice of Withdrawing Representative Claim, Plaintiff withdrew its representative claim for "D.G." and also elected not to pursue any representative claims or allegations related to MMM Holdings, LLC. [DE 57].   Counts I and II of the TAC currently incorporate by reference all of the preceding paragraphs in the TAC including those only related to the "D.G." representative claim, and those related to MMM's assignment to Plaintiff [DE 36 at 30, 32].

1

Although Plaintiff is correct that the Eleventh Circuit ruled that Plaintiff's claims should not have been dismissed with prejudice, the TAC is unnecessarily lengthy (133 paragraphs) and contains allegations and paragraphs irrelevant to the claims at issue. Thus, any Answer by Defendants likely will be confusing to the extent it corresponds to the TAC as currently structured. In short, without an amended Complaint, the Court will spend time wading through unnecessarily lengthy and complex pleadings to determine which paragraphs and allegations remain at issue—a waste of judicial resources. *See* Fed. R. Civ. P. 8 (requiring a short and plain statement of the claim showing that the pleader is entitled to relief). Plaintiff's counsel is therefore directed to assist the Court by streamlining the Complaint so that this matter may be resolved in a non-confusing, expeditious manner as to the remaining claims.[1]

Accordingly, it is ORDERED THAT

1. Plaintiff's Motion to Vacate the August 3rd Order Pursuant to Mandate [DE 76] is **DENIED;**

2. On or before **October 29, 2021**, Plaintiff shall file a **Fourth Amended Complaint (Following Remand)** that sets forth the relevant claims and facts in a concise manner in compliance with Fed. R. Civ. P. 8;

3. The Defendant shall file its response to the Fourth Amended Complaint (Following Remand) on or before **November 12, 2021.**

4. The Court will issue a Scheduling Order setting Trial and Pretrial deadlines by way of separate order.

---

[1] The Court declines Defendant's invitation to dismiss the Plaintiff's case in its entirety for deliberately failing to comply with the Courts August 3rd Order. The arguments raised by the Plaintiff appear to be advanced in good-faith and not merely to disregard this Court's Order to file an Amended Complaint.

5.  The Court will hold a Fed. R. Civ. P. 26 (f) discovery conference on **Tuesday, November 23, 2021 at 10:00 am**.  On or before **November 16, 2021**, the Parties shall confer and submit a written proposed Discovery Plan as described in Fed. R. Civ. P. 26 (f) (3).  The Parties shall discuss minimizing costs associated with discovery and shall not propound any discovery prior to the Rule 26 (f) conference.

DONE and ORDERED in Miami, Florida, this 22nd day of October, 2021.



PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record

3